# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SILVESTER PEREZ-AMAYA, | ) | 1:05-cv-01463-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | |
| | ) | REPORT AND RECOMMENDATION TO |
| v. | ) | DISMISS AND DENY PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| | ) | |
| BERNIE ELLIS, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant federal petition on November 18, 2005. (Doc. 1). The petition alleges that on May 13, 2004, Petitioner was convicted of a violation of 8 U.S.C. § 1326 (illegal re-entry), in the United States District Court for the District of Utah, and sentenced to a prison term of seventy months. (Doc. 1, pp. 1-2). Petitioner does not allege that he ever appealed his conviction and sentence to the U.S. Court of Appeals for the Tenth Circuit.

Petitioner now brings this habeas petition alleging ineffective assistance of trial counsel. One of the grounds for a claim of ineffective assistance is trial counsel's purported failure to advise Petitioner, who is from Mexico and had been residing in the United States for approximately twenty-five years, of a potential reduction in sentence because he was a deportable alien. (Doc. 2, p. 2). In turn, Petitioner alleges that the disparate treatment of non-U.S. citizens is a violation of the Equal Protection Clause and Due Process. (Id.). Specifically, Petitioner maintains that his inability to benefit from programs and policies within the Bureau of Prisons

("BOP") due to his status as a deportable alien is a factor that the sentencing court should have taken into consideration in mitigating his sentence or ordering a downward departure from the sentence required under the federal sentencing guidelines. (Id. at p. 3).

As indicated more fully below, the Court determines that, to the extent that Petitioner's claim is for a reduced sentence, he is challenging his original sentence, and therefore the claim should have been brought in the sentencing court as a motion pursuant to 28 U.S.C. § 2255. To the extent that Petitioner's claim is simply an equal protection and due process claim regarding how the BOP has conditioned the execution of his sentence, this claim should be summarily rejected on the merits. Thus, the Court will recommend that the instant petition be dismissed and denied.

## DISCUSSION

### A. If Petitioner is Challenging His Sentence, He must do so With Motion Under 28 U.S.C. § 2255.

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-894 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-479, as amended (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-187 (8th

Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1980).

In this case, Petitioner appears to be challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255, not a habeas petition pursuant to § 2241. Although Petitioner has filed his petition on a form indicating it is pursuant to § 2241, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see also Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate).

The Ninth Circuit has also provided little guidance on what actually constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In his petition, Petitioner has not alleged that § 2255 is inadequate and ineffective. Petitioner makes no claim that he is either factually innocent or that he has not has an

3

"unobstructed procedural shot" at presenting his arguments in the District Court for the District of Utah. Indeed, Petitioner has not alleged that he has previously attempted to file a motion pursuant to § 2255 in that Court.

Moreover, Petitioner seeks relief in the form of an order from this Court reducing his sentence to fifty-three months. (Doc. 2, p. 13). Such a request clearly supports the Court's construction that the petition is challenging Petitioner's sentence itself, not the execution of that sentence. Hence, should Petitioner wish to pursue this claim in federal court, he must do so by way of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

Therefore, to the extent that the petition challenges his sentence, the petition should be dismissed on the grounds that no relief under § 2241 can be afforded.

**B. To The Extent That The Petition Challenges The Execution Of Petitioner's Sentence, The Claim Fails On Its Merits.**

To the extent that Petitioner is challenging the execution of his sentence on equal protection grounds, i.e., that, as a deportable alien, he is being denied that same opportunities and programs as inmates who are not deportable aliens, such a claim must be summarily dismissed on its merits. Petitioner contends that he is entitled to enroll in various BOP programs in which U.S. citizens can participate but from which deportable aliens are excluded. (Doc. 2, pp. 11-12). Petitioner alleges that such treatment violates his federal equal protection and due process guarantees. (Id. at pp. 9-10).

Petitioner's allegation that he is being denied the same opportunities as other inmates due his status as a deportable alien in violation of equal protection fails on the merits. In McLean v. Crabtree, 173 F.3d 1176, 1183-1186 (9th Cir.1999), cert. denied, 120 S.Ct. 814 (2000), the Ninth Circuit unequivocally held that the denial of such benefits to deportable aliens with immigration detainers does not violate the Constitution as this exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." McLean v. Crabtree, 173 F.3d at 1186 (holding that the Bureau

---

[1] A motion for reconsideration of sentence pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the District of Utah. Thus, that Court is the proper venue for filing a motion pursuant to § 2255.

of Prisons did not violate the defendants' statutory and constitutional rights when it denied their requests for an 18 U.S.C. §3621(e)(2)(B) sentence reduction on the basis of an Immigration and Naturalization Service detainer lodged against them); see Soto v. Gilkey, 2006 WL 2013584, *2 (E.D. Cal. July 17, 2006)(following McLean); U.S. v. Madrigal-Madrigal, 2005 WL 2271930, *1 (E.D. Cal. Sept. 14, 2005)(same).

Based on the foregoing, to the extent that the petition can be construed as a challenge to the execution of his sentence based on disparate treatment, it must be denied on the merits.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED because Petitioner's claim does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241, and DENIED because, as a challenge to the execution of his sentence, it fails on the merits.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 28, 2007**              /s/ Theresa A. Goldner
**j6eb3d**                              UNITED STATES MAGISTRATE JUDGE